CH

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GIORDANO ZARO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 3565 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| MASERATI NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Giordano Zaro, filed a two-count Complaint in the Circuit Court of Cook County against Defendant, Maserati North America, Inc., alleging breach of written and implied warranty claims under the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.* Maserati removed the action to this Court based on sections 15 U.S.C. § 2310(d)(1) and (3) of the Magnuson-Moss Act, which provide that district courts shall retain original jurisdiction to claims under the Magnuson-Moss Act where the amount in controversy is over the sum of $50,000, exclusive of interest and costs. Presently before the Court is Maserati's Motion to Dismiss Count II, the implied warranty claim.

## BACKGROUND

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

On or about April 4, 2005, Zaro purchased a 2005 Maserati Quattroporte ("vehicle") from non-party Lake Forest Sportscars, Ltd. The manufacturer of the vehicle was Maserati. Maserati is a foreign corporation authorized to do business in the State of Illinois, Cook County, and engages in the manufacture, sale, and/or distribution of motor vehicles and related

equipment and services. Maserati also markets, supplies and sells written warranties to the public at large through a system of authorized dealerships, including Lake Forest Sportscars, Ltd. The purchase price of the vehicle, including registration charges, document and sales tax, totaled more than $135,527.75. Maserati issued and supplied Zaro with its written warranty, which included a four-year or fifty thousand-mile, bumper-to-bumper coverage, as well as other warranties outlined in the New Car Warranty booklet.

On or about April 4, 2005, Zaro took possession of the vehicle; and shortly thereafter, the vehicle experienced various defects that substantially impaired the use, value, and/or safety of the vehicle. Zaro delivered the vehicle for repairs to Maserati through its authorized dealership network on at least five occasions. Zaro provided the authorized dealerships sufficient opportunities to repair the defective conditions in the vehicle, but these defective conditions were unable and/or failed to be repaired. These defects allegedly violated Maserati's New Car Warranty, as well as the implied warranty of merchantability. These defects could not have been reasonably discovered by Zaro prior to his acceptance of the vehicle.

As a result of these defects, Zaro lost confidence in the vehicle's safety and reliability; and he attempted to revoke his acceptance of the vehicle. Maserati refused Zaro's demand for revocation and refused to provide Zaro with any remedies. On September 4, 2007, Zaro sold the vehicle for $63,000.

## ANALYSIS

*Motion to Dismiss Standard*

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2)

2

requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S.___, ___, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

Relying on the Seventh Circuit's decision in *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516 (7th Cir. 2003) (*Voelker*), Maserati argues that Zaro's claim for breach of implied warranty under the Magnuson-Moss Act should be dismissed by this Court based on the absence of privity between the parties. Conversely, Zaro argues that under Illinois' interpretation of the Magnuson-Moss Act, he is entitled to bring a claim against Maserati. Zaro contends that Illinois courts have permitted non-privity consumers to bring actions for breach of implied warranties under the Magnuson-Moss Act. Alternatively, Zaro argues that privity exists between the parties in this case.

The Magnuson-Moss Act defines implied warranty as "an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7). The Magnuson-Moss Act therefore requires this Court to examine Illinois law to determine if an implied warranty was created. The Illinois Supreme Court has held that a claim for a breach of an implied warranty under Illinois

law against a manufacturer for economic damages can only be brought against his immediate seller. *Rothe v. Maloney Cadillac, Inc.*, 119 Ill. 2d 288, 292 (1988) (*Rothe*); *Szajna v. General Motors Corp.*, 115 Ill. 2d 294, 311 (1986) (*Szajna*).

The court in *Rothe* stated, "We conclude that, with respect to purely economic loss, the UCC article II implied warranties give a buyer of goods a potential cause of action only against his immediate seller." *Rothe*, 119 Ill. 2d at 292. The court therefore held that since no privity existed between plaintiff and General Motors, plaintiff could not maintain a cause of action for breach of implied warranty under state law. *Rothe*, 119 Ill. 2d at 292. Thus, Illinois courts maintain the requirement of privity in implied warranty arising under state law.

Although the Illinois Supreme Court held that privity is a requirement in implied warranty actions under Illinois law, some Illinois courts have also interpreted Section 2308 of the Magnuson-Moss Act to allow certain non-privity consumers to bring actions for breach of implied warranties under the Magnuson-Moss Act. *Rothe*, 119 Ill. 2d at 294; *Szajna*, 115 Ill. 2d at 313. In *Rothe*, after rejecting plaintiff's implied warranty claim under state law, the court nonetheless allowed a claim of action against the manufacturer under the Magnuson-Moss Act, explaining:

> We found in *Szajna* that this is not the direct buyer-seller relationship which forms the basis for imposing an implied warranty under Article II of the UCC. We stated, however, that the contractual relationship (between the manufacturer/express warrantor and consumer) is sufficient to impose upon the manufacturer/express warrantor liability for UCC Article II implied warranties as modified by Magnuson-Moss.

*Rothe*, 119 Ill. 2d at 294-95.

4

Zaro contends that this Court must follow the Illinois Supreme Court's application of the Magnuson-Moss Act and allow for claims for breach of implied warranty against parties which under Illinois law are not in privity.

The Seventh Circuit's decision in *Voelker* addressed a set of facts analogous to those in this case. There, a consumer who leased a Porsche from an authorized dealership sought to bring an action under the Magnuson-Moss Act against the manufacturer. *Voelker*, 353 F.3d at 520. The Seventh Circuit affirmed dismissal of plaintiff's implied warranty claim under the Magnuson-Moss Act, citing Illinois law that privity of contract is a prerequisite to recover economic damages for breach of implied warranty and that plaintiff failed to allege privity with the manufacturer of the car he had leased. *Voelker*, 353 F.3d at 525. As *Voelker* emphasized, "§ 2308 and § 2304(a) do not modify, or discuss in any way, a state's ability to establish a privity requirement[;]" therefore, implied warranty of merchantability must allege privity in accordance with Illinois law. *Voelker*, 353 F.3d at 525. The Seventh Circuit did not discuss the Illinois Supreme Court's decision in *Szajna* and its effect, if any, on the Magnuson-Moss Act. Zaro here also asserts that *Voelker* is distinguishable from the present case, as the plaintiff in *Voelker* failed to allege that he was in privity with the manufacturer.

Plaintiff's argument relies solely on the Illinois Supreme Court's interpretation of the Magnuson-Moss Act as permitting implied warranty claims against non-privity parties. However, the Illinois Supreme Court opinion is controlling only as to its determination of the scope of implied warranties under Illinois law. In *Smith v. Monaco Coach Corp.*, 334 F. Supp. 2d 1065, 1069 (N.D. Ill. 2004) (*Smith*), Judge Moran was presented with the exact argument as Zaro presents to this Court. Judge Moran recognized the confusion that may be presented by the Illinois Supreme Court's decision. He clarified that the Illinois Supreme Court "believed that the

federal statute [Magnuson-Moss Act] did not affect traditional common law privity but, instead, allowed certain customers who failed to meet the traditional requirements [of privity] to bring a claim anyway." *Smith*, 334 F. Supp. 2d at 1069.

While this Court is obligated to follow Illinois Supreme Court interpretations of Illinois law in regards to privity, *see RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997), this Court does not have to follow Illinois' interpretation and application of the Magnuson-Moss Act.

Plaintiff's reliance on the Illinois Supreme Court's decisions, in this regard, is, therefore, misplaced. As Judge Pallmeyer held in *Larry J. Soldinger Assoc., Ltd. v. Aston Martin Lagonda of No. Amer., Inc*, No. 97 C 7792, 1999 WL 756174, at *7, n.5 (N.D. Ill. Sept. 13, 1999) (*Soldinger*), ". . . the Illinois Supreme Court did not speak authoritatively on an issue of state law when it interpreted the Manguson-Moss Act in *Szajna* and *Rothe*. Interpretation of the Magnuson-Moss act – even divining the meaning of the statutory language that refers to an implied warranty arising under state law – is a matter of federal law." (Internal quotations omitted).

Federal courts continue to follow Judge Pallmeyer's decision in *Soldinger* and reject the interpretation of the Magnuson-Moss Act as announced in *Szajna* and *Rothe*. *See* e.g., *Kowalke v. Bernard Chevrolet, Inc.*, No. 99 C 7980, 2000 WL 656660, at *5 (N.D. Ill. Mar. 23, 2000); *Kutzle v. Thor Indus. Inc.*, No. 03 C 2389, 2003 WL 21654260, at *6 (N.D. Ill. July 14, 2003) (*Kutzle*); *Diamond v. Porsche Cars N. Am., Inc.*, No. 02 C 4142002, WL 31155064, at *6 (N.D. Ill. Sept. 26, 2002); *see also, Smith*, 334 F.Supp. 2d at 1069 (acknowledging "that the *Soldinger* line of cases is correct in finding that Magnuson-Moss did not intend to extend implied warranties to customers not protected by traditional state law.").

Section 2301(7) limits implied warranties to those "arising under" state law, except where modified in Sections 2308 and 2304(a). These two sections preclude warrantors from disclaiming or modifying existing warranties; they do not create new obligations. *Smithe*, 334 F. Supp. 2d at 1069, citing *Soldinger*, 1999 WL 756174 at **8-10; *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 247-48 (2nd Cir. 1986). Accordingly, since Zaro lacks privity under Illinois law, Zaro cannot proceed under an implied warranty theory Magnuson-Moss Act.

Zaro also contends that privity was established in two other ways: (1) through an agency relationship between Zaro and its authorized dealer and (2) through Maserati's advertising and marketing campaign.

Zaro's first argument fails, as well. Zaro cites no Illinois case law supporting the proposition that a general agency principle creates privity between a purchaser and a non-selling manufacturer. Moreover, "an automobile dealer or other similar type of dealer, who . . . merely buys goods from manufacturers or other suppliers for resale to the consuming public, is not his supplier's agent." *Bushendorf v. Freightliner Corp.*, 13 F.3d 1024, 1026 (7th Cir. 1993). Zaro's effort to create such a rule of privity would merely be an effort to "constitute an end around the privity requirement" as established in *Szajna* and *Rothe*. See *Kutzle*, 2003 WL 21654260, at *6 (rejecting this same argument that an agency theory principle provides for privity under Illinois law). Zaro's second argument has no merit. Zaro does not direct this Court to any Illinois case law that supports the proposition that advertising and marketing campaigns create privity.

## CONCLUSION

For the foregoing reasons, Maserati's Motion to Dismiss as to Count II is granted.

Date: December 6, 2007

JOHN W. DARRAH
United States District Court Judge